**United States District Court**
**Northern District of Indiana**

| | |
|---|---|
| LAKESHA NORINGTON, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )     Civil Action No. 3:14-CV-1523 JVB |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
|     Respondent. | ) |

**OPINION AND ORDER**

Lakesha Norington a/k/a Shawntrell Marcel Norington,[1] a *pro se* prisoner, filed an amended petition under 28 U.S.C. § 2254 challenging her 2004 conviction for voluntary manslaughter, burglary, and robbery in Marion County. (DE 5.)

Upon review, Norington previously challenged this same conviction in a habeas petition filed in the U.S. District Court for the Southern District, which was dismissed as untimely in April 2011.[2] *Norington v. Superintendent*, No. 1:10-CV-477 (S.D. Ind. order dated Apr. 18, 2011.) She cannot proceed with a new habeas petition challenging this same conviction unless she obtains prior authorization from the U.S. Court of Appeals for the Seventh Circuit. 28 U.S.C. § 2244(b)(3). There is no indication from her filing that she has obtained such authorization. This court lacks jurisdiction to hear an unauthorized successive petition, and so the petition must

---

[1] Norington, whose legal name is Shawntrell Marcel Norington, was born a male but identifies herself as a female. Because she refers to herself with female pronouns, the court does so here out of courtesy.

[2] For purposes of determining whether a petition is successive, courts do not "count" previous petitions that were dismissed for curable technical reasons, such as failing to pay the filing fee or filing in the wrong court. *See Altman v. Benik*, 337 F. 764, 766 (7th Cir. 2003). However, a "prior untimely petition does count because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims." *Id.*

be dismissed. *Burton v. Stewart*, 549 U.S. 147, 157 (2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).

It bears noting that this is not Norington's first attempt to file an unauthorized successive petition challenging her 2004 conviction. She did so in 2012, and was told by a judge in the Southern District that she must first obtain authorization from the Seventh Circuit. *See Norington v. Superintendent*, No. 1:12-CV-215 (S.D. Ind. order dated Feb. 22, 2012). She did not heed this instruction, and instead filed the present petition in this District without authorization from the Circuit. Accordingly, Norington is on notice that she cannot file a successive petition challenging her 2004 conviction—or a filing that otherwise attacks the legality of her confinement pursuant to this conviction, however she chooses to caption it—without prior authorization from the Seventh Circuit. She is cautioned that her failure to comply with this procedure in the future may subject her to sanctions, including monetary sanctions and/or filing restrictions.[3]

For these reasons, the petition (DE 5) is DISMISSED for lack of jurisdiction.

**SO ORDERED** on May 30, 2014.

    s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division

---

[3] The court recently restricted Norington from all civil filings other than habeas cases, due to the fact that she failed to disclose that she is barred from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). *See Norington v. Levenhagen, et al.*, No. 3:14-CV-661 (N.D. Ind. order dated Apr. 10, 2014).